Argued April 25, affirmed May 23, 1977

STATE OF OREGON, *Respondent,*
*v.*
PAUL MAULDING, *Appellant.*
(No. 76-2190, CA 7112)
564 P2d 729

Lee A. Omlid, Eugene, argued the cause for appellant. With him on the brief was Anderson and Richmond, Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

■ Defendant appeals his conviction for illegal possession of various narcotic and dangerous drugs, assigning as error the denial of his motion to suppress evidence seized in his residence in the course of a search pursuant to a warrant. The underlying affidavit recited information that a resident of the house sold marihuana and said that he had more in his home. The seller was apparently one of defendant's roommates.

Defendant contends first that the affidavit was insufficient to state probable cause. We hold otherwise. It would not add to the law to expressly discuss this issue.

Defendant also contends that the search warrant failed to particularly describe the premises to be searched. The warrant commanded the search of premises described in some physical detail as a "single family building" at a stated street address.

Upon execution of the warrant, the officers found what appeared outwardly to be a one-family, two-story house. There was a front door facing onto a large porch and two rear doors. The officers simultaneously entered the front door and a rear door. Those who passed through the front door, entered defendant's shared residence, searched it, and found the contested evidence. The officer entering the rear door went up the steps and commenced a search of what turned out to be a separate apartment.[1]

■■ The standard of particularity of description of premises to be searched within a multiple-unit dwelling is that it must enable the officer to locate with reasonable effort the specific premises to be searched. *State v. Cortman,* 251 Or 566, 568-569, 446 P2d 681 (1968), *cert den* 394 US 951 (1969). The purpose of the

---

[1]This decision does not deal with the rights, if any, of the upstairs tenant to suppression or civil remedies.

standard is not only to direct the officer to the right place, but to protect the occupants of other premises from an unintended search. The requirement of particularity cannot insure totally against error, but it must be applied so as to minimize the risk of error to the degree that reasonable diligence can do so.

The description of a single-unit dwelling by address has been held to be sufficient even though it was discovered upon execution to be a multiple-unit dwelling where its actual nature was not known to the officers applying for and executing the warrant and was not externally apparent. *State v. Willcutt,* 19 Or App 93, 526 P2d 607, *rev den* (1974); *State v. Nearing/ Baker,* 16 Or App 30, 36-37, 517 P2d 308 (1973); *State v. Koberstein,* 8 Or App 307, 493 P2d 176, *rev den* (1972). The photographs of the house in this case display an apparent single-family dwelling with no unusual characteristics for such a house. The officers did not know of the multiple-dwelling nature of the house until after the search had commenced in both living units.

■■ Defendant argued that external indicia of multiple units existed. First he points to the existence across the street from the house of a mailbox on which are scrawled the name of one occupant "UP" and four others, including defendant, and two more in yet a third writing, as "Apt. 1." The police testified that they did not notice the mailbox because on their single cruise past the house to note its address, they looked toward the house rather than toward the mailbox. The house displayed a single number. Defendant also claims that the police could have checked with utility companies to determine whether the house contained more than one living unit. It is true that additional investigation might have produced additional facts, but the Fourth Amendment requires reasonableness, not certainty. It was reasonable for the officers to accept the evidence of their senses and to conclude that a house that looks like an ordinary one-family house is what it appears to be.

Therefore the warrant was valid and the motion to suppress was properly denied.

Affirmed.