21256

The STATE, Respondent, v. Joel Robin JENKINS, Appellant.

(267 S. E. (2d) 542)

*David Ross Clarke,* Mauldin, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Russell D. Ghent,* Columbia, *for respondent.*

June 25, 1980.

*Per Curiam:*

Joel Jenkins appeals from his multiple convictions for simple possession of and possession with intent to distribute narcotics. The sole issue on appeal is whether the trial judge erred in refusing to suppress evidence seized during a search of appellant's residence. We affirm.

Appellant resided in the upstairs apartment of a residential house located at 1242 Rutherford Road near Greenville, South Carolina. On March 21, 1979, police officers conducted a search of the apartment pursuant to a warrant describing the premises to be searched as follows:

Premises located at Rutherford Road being further described as a red brick dwelling house, designated as 1242 Rutherford Road, with these numbers being clearly displayed to the left of the front entrance way. Premises can be further located as one travels North on Rutherford Road this dwelling will be the second on one's right as one passes Jay's Flower Shop which is located on Rutherford.

Although the warrant authorized a search of the entire premises, only the upstairs apartment was searched.

Appellant now contends that the search warrant was invalid for lack of particularity in specifying 1242 Rutherford Road without indicating the upstairs apartment at that address.

> As a general rule, a search warrant directed against a
> describe the particular subunit or units to be searched

with sufficient definiteness to preclude a search of other units located in the larger structure. Annot., 11 A. L. R. (3rd) 1330 (1967). This principle has, however, become subject to numerous well recognized exceptions. *See State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974); Annot. *supra.*

Search warrants directed against multiple-unit structures have been held valid despite the fact that no particular subunit was specified, where the multi-unit character of the premises was not externally apparent and was not known to the officers applying for and executing the warrants. *E.g., U. S. v.*

1    multiple-unit structure[1] is invalid where it fails to *Dorsey*, 591 F. (2d) 922 (D. C. Cir. 1979); *U. S. v. Davis*,

[1] We note that a multiple-occupancy structure is not automatically a multiple-unit structure. The essential ingredient regarding specificity requirements for search warrants in this context relates not to the

557 F. (2d) 1239 (8th Cir. 1977), *cert. den.* 434 U. S. 971, 98 S. Ct. 523, 54 L. Ed. (2d) 461 (1977); *U. S. v. Jordan,* 349 F. (2d) 107 (6th Cir. 1965); *State v. Woodward,* 35 N. C. App. 605, 242 S. E. (2d) 201 (1978); *State v. Maulding,* 29 Or. App. 511, 564 P. (2d) 729 (1977); *People v. McGill,* 187, Colo. 65, 528 P. (2d) 386 (1974); Annot., *supra,* Section 8 at page 1344 and Supplement thereto. In such cases, courts generally seek to determine whether the police had prior knowledge of the dwelling's multi-unit character or whether there existed such external indicia of multiple units as would lead officers to reasonably conclude that the dwelling was divided into subunits. *See e.g., Dorsey, supra; Davis, supra; Maulding supra.*

A photograph of the house in this case displays an apparent single-family dwelling. The *only* exterior evidence that the house might contain subunits was a side stairway leading to the upstairs of the house. The record contains no indication that the police officers knew the stairway led to an apartment or that the upstairs rooms constituted an apartment. Under the circumstances, it was reasonable for the officers to conclude that the house was a single-family dwelling.

Therefore, the warrant was valid and the motion to suppress was properly denied.

Although other recognized exceptions to the rule requiring sufficient particularity in a search warrant directed against multiunit structures might be applicable to this case, it is not now necessary to pursue them.

Affirmed.

---

number of occupants, but to the existence of separate units or subunits within a structure. The mere fact that several residents may occupy a structure does not automatically convert its rooms into "subunits." *See State v. Willcutt,* 19 Or. App. 93, 526 P. (2d) 607 (1974).