### 19873

The STATE, Respondent, v. Viola ELLIS and Ethel Thelma Scott, Appellants

(207 S. E. (2d) 408)

*Messrs. Richard E. Fields, Burnet R. Maybank, and Gedney M. Howe, III,* of Charleston, *for Appellants,*

*Messrs. Robert B. Wallace, Sol., and A. Arthur Rosenblum, Asst. Sol.,* of Charleston, *for Respondent,*

Aug. 7, 1974.

Moss, Chief Justice:

Ronald Bryan, Ethel Thelma Scott, Solomon Gregory, and Viola Ellis were tried upon an indictment containing two counts, to wit: (1) the possession of heroin for sale and distribution, in violation of Section 32-1510.49 of the Code, and (2) the possession of dangerous drugs, without having obtained such upon a perscription of a duly licensed physician, in violation of Section 56-1313(4) of the Code.

When the case was called for trial a motion to suppress the evidence was made on the grounds that (1) the affidavit for the search warrant was devoid of any showing of probable cause and that (2) the search warrant issued, based on the affidavit, failed to satisfy constitutional and statutory requirements, because it was vague and not sufficiently particular. This motion was heard by the presiding judge, in the absence of the jury, and denied.

Thereafter, the case proceeded to trail, and at the close of the State's testimony, a motion was made for a directed verdict on the ground that there was not sufficient evidence upon which a jury could reasonably find that Viola Ellis and Ethel Thelma Scott, the appellants herein, were guilty on count one of the indictment. This motion was denied. Following the presentation of evidence by the defense, the appellants again moved for a directed verdict as to both counts of the indictment. The motion as to the second count as it applied to Viola Ellis and Solomon Gregory was granted, but the motion was denied as to count one, and denied as to both counts as applied to Ethel Thelma Scott and Ronald Bryan. The jury returned a verdict of guilty as to Ronald Bryan and Ethel Thelma Scott on both counts and Viola

Ellis on count one of the indictment. Motions were made on behalf of both appellants for judgment of acquittal notwithstanding the verdict of the jury, and in the alternative for a new trial on the grounds previously stated. These motions were refused and the appellants duly sentenced. This appeal followed.

It is the contention of the appellants that the only evidence against them, sufficient to support a conviction, was obtained by virtue of a search warrant issued in violation of Article I, Section 10 of the 1895 Constitution of South Carolina, as amended, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The appellants challenge the sufficiency of the affidavit for the search warrant on the grounds that it was devoid of probable cause and did not support the issuance of a legal search warrant. The appellants further contend that the warrant under which the search was made of their premises should have been quashed and the evidence obtained as a result thereof suppressed.

Article I, Section 10 (formerly Article I, Section 16) of the Constitution of South Carolina, as amended, and the Fourth Amendment to the United States Constitution, are practically identical and as to searches and seizures provides that: "* * no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, the person or thing to be seized, * * * ".

Section 17-271 of the 1962 Code of Laws, as amended, provides that a search warrant for unlawful drugs shall be issued upon affidavit establishing the grounds for the warrant and sufficient facts must be stated in the affidavit to form the basis of a judgment by the issuing officer that probable cause exists. *State v. York,* 250 S. C. 30, 156 S. E. (2d) 326.

In order to justify the issuance of a search warrant, probable cause must be shown, but the term "probable cause"

does not import absolute certainty. In determining whether there is sufficient evidence to sustain a finding of probable cause, each case stands on its own facts. The evidence need not be sufficient to support a conviction, or a verdict of guilty, or to establish guilt beyond a reasonable doubt; nor need the proof be positive, it being enough if it is such as to induce in the mind of the issuing officer an honest belief that the facts set forth exist, or as would lead a man of prudence to believe that the offense has been committed. *State v. Bennett,* 256 S. C. 234, 182 S. E. (2d) 291.

The affidavit for a search warrant was made by Detective Sergeant Dean Powell, on 3-23-73, before Magistrate Donald Barkowitz, in which he averred that he had "good reason to believe that Ronald Bryan, and other persons and occupants, has stored or concealed on their persons, on their premises and/or appurtenances, * * * at or near 88 Columbus St., Chas., S. C., being a 2 story yellow frame house located on north side of Columbus St., with wrought-iron fence in front, entrance at the front of house, but common entrance for downstairs and upstairs on the west side of dwelling, a quantity of Narcotic, Stimulant, Depressant, Hallucingenic; and/or Legend Drugs, namely Heroin." The affiant further avers that the facts tending to establish the foregoing were that "This officer has directed an investigation with regards to 88 Columbus St. since Jan. 23, 1973; during this time undercover informant has made 9 separate buys of a substance which was tested and proved to be Heroin from Ronald Bryan in all parts of the dwelling both up and down stairs; all total 19 bags of Heroin were bought. Last buy taking place 2-28-73." The affiant further states that a confidential informant had witnessed Ronald Bryan and Harold Gregory selling heroin to addicts from the dwelling within the last 72 hours. It was further stated in the affidavit that the affiant has good reason to believe that the information submitted to him by undercover confidential informant is believable and reliable because information pre-

viously given by the informant, over a six months period, has been proven to be true.

The magistrate found that there was probable cause for believing that drugs and narcotics were being concealed on the premises described in the affidavit and directed any lawful officer to forthwith search the premises so described.

It is our conclusion that the affidavit submitted by Detective Sergeant Dean Powell was sufficient to support a finding of probable cause by the magistrate and to authorize the issuance of a valid search warrant based thereon.

Pursuant to such warrant, a search of the premises was made on March 24, 1973. Found in the downstairs bedrooms were some 86 bags of heroin and money in the amount of $750 in bags. A search of the upstairs bedrooms revealed no heroin, but a plastic bag containing various legend drugs was found with no prescription or prescription bottle.

It is the position of the appellants that since the identity of the premises to be searched was not described with sufficient particularity, the warrant issued was invalid. Admittedly, the residence, located at 88 Columbus Street in the City of Charleston, was a two story building with bedrooms on each floor. The affidavit sets forth that heroin was purchased from Ronald Bryan in all parts of the dwelling, both up and down stairs. The warrant issued recited that there was probable cause to believe that the property described in the affidavit was being used to store or conceal narcotics and drugs in violation of law.

The caption of the search warrant was directed to "Ronald Bryan, alias Tubby, and other persons and occupants 88 Columbus Street, up and down stories Charleston, South Carolina." The description in the caption of the warrant taken in connection with the affidavit was enough to sustain the warrant as against the attack that it was constitutionally deficient for not particularly describing the place to be searched. See the cases cited in 11 A. L. R.

(3d) at page 1346, and in the 1973 Supplement thereto, at page 180.

Search warrants directed against multi-occupancy structures have been held valid despite the fact that no particular sub-unit was specified, where it appeared that the entire premises rather than a particular sub-unit was under suspicion of illegal activity. 11 A. L. R. (3d) at page 1343.

We find no merit in the contention of the appellants that the search warrant here failed to satisfy constitutional and statutory requirements because of vagueness and a lack of particularity.

The only other question presented for decision is whether the trial judge erred in refusing to grant the motion of the appellants for a directed verdict on the ground that the evidence was insufficient to sustain a verdict of guilty of possession of heroin for distribution.

In *State v. Wheeler,* 259 S. C. 571, 193 S. E. (2d) 515, we said:

"In deciding whether the court erred in not directing a verdict in favor of the appellants, we must view the testimony in the light most favorable to the State. When a motion for a directed verdict is made, the trial judge is concerned with the existence or nonexistence of evidence, not with its weight, and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there is evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. *State v. Jordan,* 255 S. C. 86, 177 S. E. (2d) 464.

"Where circumstantial evidence is relied upon by the State in a criminal case, there must be positive proof of facts and circumstances which, taken together, warrant inference of guilt to a moral certainty, to the exclusion of any other reasonable hypothesis. If there is any evidence tending to sup-

port an inference of guilt, the court must submit the issue to the jury. *State v. McIver,* 238 S. C. 401, 120 S. E. (2d) 393."

Viola Ellis was the owner of the two story residence located at 88 Columbus Street, Charleston, South Carolina. She, along with Solomon Gregory, occupied the downstairs portion of the residence. These two slept in the master bedroom, and it was separated by a bathroom from another small bedroom which was used for guests and storage. There was an entrance from the master bedroom to this small bedroom.

The upstairs was occupied by Ethel Thelma Scott, the natural daughter of Viola Ellis, and her foster son, Ronald Bryan. It appears from the testimony that on January 23, 1973, one Ronald Heyward, an undercover agent, went to the upstairs apartment at 88 Columbus Street and purchased two bags of heroin from Ronald Bryan, Viola Ellis being present in the apartment at the time. Thereafter, this agent made eight other purchases of heroin during January and February, 1973, from Ronald Bryan. This agent testified that on several occasions Bryan would go into the downstairs apartment to obtain the heroin.

Pursuant to the search warrant to which we have hereinbefore referred, a group of officers went to the residence of Viola Ellis on March 24, 1973, and searched the premises, upstairs and downstairs. At the time, Ronald Bryan and Ethel Scott were in the upstairs apartment, but no heroin was found there, but the legend drugs were. One of these officers found in the small bedroom downstairs a bag containing 77 bags of heroin on the right hand side of the bed right next to the pillow "kind of tucked up underneath the edge of the pillow". One of the other officers found on the same bed a little bit further up under the pillow twenty-three bags of heroin. The searching officers found in the master bedroom several bags containing money, the total of which was $743.15. At the time of the search of the down-

stairs apartment neither Viola Ellis nor Solomon Gregory was present.

Ronald Bryan, a defendant in this case, testified that he was a foster son of Viola Ellis and that he, with Ethel Thelma Scott, Solomon Gregory, and a young child, lived together at 88 Columbus Street as a family unit, admitting the occupancy of the premises as we have hereinbefore stated. According to his testimony, he purchased 75 bags of heroin on January 19, 1973. He admitted making the sales testified to by the undercover agent. He said he had a number of customers in addition to the undercover agent. He also admitted that he replenished his supply of heroin on February 2, 1973, and again on February 19, 1973. He said that each time he purchased heroin he would store it in the small bedroom downstairs and that there were at least 100 bags of heroin in the bedroom at the time the search was made. He testified that on each occasion when someone would come to buy heroin from him he would go downstairs and get it and bring it back upstairs. He denied that either Viola Ellis or Solomon Gregory knew that he was storing the heroin in the small bedroom downstairs. When confronted with the question of how he would get into the downstairs apartment, he explained that he had obtained a key to the apartment without knowledge of Viola Ellis. He testified he never sold more than two or three bags of heroin to any one customer. There can be no doubt from the testimony of Ronald Bryan that in order to dispose of his stock of heroin, he would have to make numerous trips into the downstairs apartment.

Viola Ellis, testifying in her own behalf, denied that she knew that Ronald Bryan was storing heroin in the small bedroom adjacent to her bedroom. However, she did admit that she was in the back bedroom at least twice each week and on other occasions when she placed clothing on the bed where the heroin was found.

Possession of an article may be inferred from circumstances. Ordinarily, when articles are in a dwelling house they must ·be deemed to be in the constructive possession of the person controlling the house in the absence of evidence to the contrary. 22A C. J. S. Criminal Law § 597, at page 379. Actual possession of narcotic drugs occurs when the drugs are found to be in the actual physical custody of the person charged with possession, while constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found. *State v. Perry,* 10 Wash. App. 159, 516 P. (2d) 1104.

An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. *State v. Harvey,* 281 N. C. 1, 187 S. E. (2d) 706. A number of cases are collected in 91 A. L. R. (2d) 810, dealing with actual and constructive possession of drugs.

We think there is sufficient evidence here to show at least constructive possession of heroin by Viola Ellis and to warrant its submission to the jury and to support a verdict of guilty of the offense charged.

As to the appellant, Ethel Scott, there is testimony that she resided in the upstairs apartment where heroin sales were made by Ronald Bryan. Even though she may have been present at the time of these sales, there is no evidence that she participated therein or at any time had any actual or constructive possession of heroin.

In *State v. Tabory,* 260 S. C. 355, 196 S. E. (2d) 111, we said:

"We recognize that proof of possession requires more than proof of mere presence, and that the State must show defendant had dominion and control over the thing allegedly possessed or had the right to exercise dominion and control over it."

It is our conclusion that the motion of the appellant, Ethel Scott, for a directed verdict on the ground that the evidence was insufficient to sustain a verdict of guilty of possession of heroin for distribution should have been granted. The trial judge erred in refusing the motion.

As to the appellant, Viola Ellis, it is our conclusion that the trial judge correctly refused her motion for a directed verdict.

Ethel Scott did not appeal from the verdict of guilty as to count two of the indictment, and this opinion in no wise affects the judgment pronounced thereon.

The judgment below as to Viola Ellis is affirmed, and reversed as to Ethel Scott, and this case is remanded to the lower court for the entry of a judgment of acquittal as to Ethel Scott.

Affirmed in part and reversed in part.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.