22969

The STATE, Respondent v. Freddie WILLIAMS, Appellant.

(377 S. E. (2d) 308)

Supreme Court

*W. E. Jenkinson, III*, Kingstree, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. G. Wells Dickson* and *William Edgar Salter, III*, Columbia, and *Sol. Wade S. Kolb, Jr.*, and *Asst. Sol. Clifton Newman*, Sumter, *for respondent.*

Heard Dec. 6, 1988.

Decided Feb. 21, 1989.

HARWELL, Justice:

Appellant Freddie Williams was convicted of possession of cocaine with intent to distribute, possession of marijuana with intent to distribute and manufacturing marijuana. On appeal, he challenges the trial judge's refusal to suppress evidence seized at his residence. We affirm.

## FACTS

On August 21, 1988, an investigator with the Williamsburg County Sheriff's Department concluded an investigation of appellant and secured a search warrant for the "[r]esidence of Freddie Williams, all vehicles, outhouses and persons on the premises at the time of [the] search." Upon executing this warrant, officers seized 27 individually wrapped packets of cocaine, a bag of marijuana, marijuana plants, and nearly $2800.00 in cash. The trial court denied appellant's motion to suppress, and this evidence was introduced at trial.

## DISCUSSION

I. *Probable Cause*

Appellant attacks the validity of the warrant on several grounds. He first contends that no probable cause supported the issuance of the warrant. We disagree.

In adopting the "totality of the circumstances test" for probable cause determinations, the United States Supreme Court stated:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U. S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. (2d) 527, 548 (1983). Moreover, we have held that a magistrate's probable cause determination is entitled to substantial deference by this Court on review. *State v. Crane*, 296 S. C. 336, 372 S. E. (2d) 587 (1988); *State v. Pressley*, 288 S. C. 128, 341 S. E. (2d) 626 (1986).

In the affidavit underlying the warrant here, the investigating officer stated that he had been told by an informant that appellant's residence contained illegal drugs; that the informant had seen the drugs in appellant's residence within 72 hours of the swearing of the affidavit; that the informant had provided the sheriff's department with information in the past; and that this information had proven true and led to arrests and convictions.

We have previously ruled that a similarly worded affidavit established probable cause under a pre-*Illinois v. Gates* analysis. *See State v. Hammond*, 270 S. C. 347, 242 S. E. (2d) 411 (1978). We hold that the totality of the circumstances here provided the issuing magistrate a substantial basis upon which to make the probable cause determination.

II. *Statutory Warrant Defects*

Appellant next argues that the search warrant violated the warrant statute, S. C. Code Ann. § 17-13-140 (1985), and therefore the evidence seized should have been suppressed. We disagree.

Under the heading for a description of property to be seized, the warrant reads: "beige and brown doublewide mobile home with a sattalite [sic] in the yard off S45-338[;] last mobile home on the left on the dirt road." The accompanying affidavit lists the property subject to seizure as "any illegal drugs." Obviously, the warrant erroneously contained a description of the residence to be searched under the heading of property to be seized.

We have previously held that a warrant may be read in connection with the supporting affidavit to satisfy constitutional and statutory requirements of particularity in the description of the place to be searched. *State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974); *State v. Crane, supra.* The issue now before us is whether *State v. Ellis* should be extended to allow the warrant and affidavit to be read

concurrently to supply the statutorily-required identification of the property to be seized.

We find no reason why a concurrent reading of warrant and affidavit should not be permissible to establish the identification of the property to be seized. Read together, the warrant and affidavit here clearly establish that the property the law enforcement officer sought to seize pursuant to the warrant was "illegal drugs."

■ Appellant next argues that even if the warrant and affidavit may be read together, the description "any illegal drugs" failed to state with sufficient particularity the property to be seized. We disagree.

■ The warrant statute requires only a warrant "identifying the property" to be seized. § 17-13-140, *supra.*

The statute certainly requires no more than the federal and state constitutions, both of which require warrants to "particularly" describe the things to be seized. U. S. Const. amend. IV; S. C. Const. art. I, § 10.

The "particular description" requirement is aimed at preventing general warrants—those authorizing "a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire,* 403 U. S. 443, 467, 91 S. Ct. 2022, 2038, 29 L. Ed. (2d) 564, 582 (1971). *See also United States v. Sierra,* 585 F. Supp. 1236 (D. N. J. 1984), *aff'd* 755 F. (2d) 925 (3d Cir. 1984); *State v. Sullivan,* 277 S. C. 35, 282 S. E. (2d) 838 (1981). "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison,* 480 U. S. 79, 107 S. Ct. 1013, 1017, 94 L. Ed. (2d) 72, 80 (1987).

Numerous courts have upheld warrants bearing "generic" descriptions quite similar to "any illegal drugs" against constitutional attacks on the particularity of the description. *See, e.g., United States v. Sierra, supra* ("controlled dangerous substances"); *Carlton v. State,* 449 So. (2d) 250 (1984) ("all controlled substances"); *State v. Quintana,* 87 N. M. 414, 534 P. (2d) 1126 (Ct. App.), *cert. denied* 423 U. S. 832, 96 S. Ct. 54, 46 L. Ed. (2d) 50 (1975) ("all controlled substances"); *State v. Foye,* 14 N. C. App. 200, 188 S. E. (2d)

67 (1972) ("narcotic drugs, the possession of which is a crime"); *Gonzales v. State,* 577 S. W. (2d) 226 (Tex. Crim. App.), *cert. denied* 444 U. S. 853, 100 S. Ct. 109, 62 L. Ed. (2d) 71 (1979) ("drugs or dangerous drugs . . . being unlawfully kept and possessed . . .); *State v. Stewart,* 129 Vt. 175, 274 A. (2d) 500 (1971) ("contraband, to wit, regulated drugs").

A more particular description including the terms "marijuana" or "cocaine" or both would not have limited the scope of the search of appellant's property nor "markedly reduced the likelihood of an indiscriminate rummaging through [his] personal effects." *United States v. Sierra,* 585 F. Supp. at 1242, *quoting United States v. Perez,* 562 F. Supp. 574, 577 (D. N. J. 1982). The warrant here allowed seizure of a limited class of property; "illegal drugs" is not "such a general term that it allows for abuse and unbridled discretion by law enforcement personnel or allows for a 'general search' . . ." *Carlton v. State,* 449 So. (2d) at 252.

Appellant's remaining exceptions are dismissed as meritless pursuant to Supreme Court Rule 23. *See State v. Crane, supra; State v. Ellis, supra* (particularity requirement in description of property to be searched); *State v. Wise,* 272 S. C. 384, 252 S. E. (2d) (1979) (state's failure to fulfill ministerial requirement of filing return within 10 days does not void warrant where defendant shows no prejudice from delay).

Appellant's convictions and sentences are

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.