2349

The STATE, Respondent v. Joanne MOLLISON, Appellant and The STATE, Respondent v. Phillip G. SMITH, Appellant.

(459 S.E. (2d) 88)

Court of Appeals

*Assistant Appellate Defender Robert M. Pachak*, of *S.C. Office of Appellate Defense*, Columbia, *for appellant Joanne Mollison*.

*Deputy Chief Atty. Joseph L. Savitz, III*, of *S.C. Office of Appellate Defense*, Columbia, *for appellant Phillip G. Smith*.

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Atty. Charles F. Reid*, Columbia; and *Sol. David P. Schwacke*, North Charleston, *for respondent*.

Heard Apr. 5, 1995.

Decided May 30, 1995; Reh. Den. June 28, 1995.

HOWELL, Chief Judge:

Joanne Mollison and Phillip G. Smith (referred to together as Appellants) were tried in a single trial on various drug charges. Mollison was convicted of possession of crack cocaine and possession of marijuana, while Smith was convicted of possession of crack cocaine with intent to distribute and possession of marijuana. We affirm in part, reverse in part, and remand for a new trial.

I.

On several occasions in 992, Appellants stayed at the Fort Moultrie Motel in Mount Pleasant, South Carolina, registering under either of their names. Appellants made sweet grass baskets in the motel room, and it was their habit to check out during the day and return late in the evening after selling their crafts.

On July 16, 1992, Appellants stayed in room 32 of the motel and checked out sometime prior to 11:00 a.m. on July 17. they returned later on the 17th and rented room 22 under Smith's name. On the 17th, law enforcement officers of the Charleston County Sheriff's Office conducted narcotics surveillance of the Appellants' motel room from approximately 8:00 p.m. until 11:20 p.m. While one officer obtained a search warrant, other detectives maintained their monitoring of the motel room. No one came in or out of the motel room during the time the officer obtained the warrant. The officers obtained the room keys from the motel owner and executed the warrant at 11:20 p.m.

Smith was leaving the room as the officers approached. He was stopped and taken back to the room. When they entered the room, the officers found Mollison in a chair weaving a basket. Seven officers searched the room and ultimately found eighteen baggies, each containing one rock of crack cocaine, and approximately one half ounce of marijuana. The baggies containing the cocaine were found inside a medicine bottle, and the marijuana was found in individual plastic bags inside a larger plastic package. The drugs were found behind the television set. The officers also found $360 cash in a bag inside the motel room, and a .38 caliber revolver in the trunk of Smith's vehicle.[1] No fingerprints were taken from the plastic bags or medicine bottle containing the drugs.

Mollison and Smith were arrested. Mollison supplied a past local address when she registered at the motel in May and June, and when she was arrested. Smith gave a false local address on several occasions when registering, and gave the police a Florida address when he was arrested. The motel owner testified that each time the two registered they listed a Florida license tag on their vehicle.

---

[1] The weapon was legal, and Smith was not charged with any weapons offenses.

A party with three persons had occupied room 22 on July 14, 15, and 16th. Before the Appellants checked into room 22, a motel housekeeper cleaned and dusted the room, including the "top, the sides, and underneath" of the television. The housekeeper did not see narcotics during her cleaning of the room. The housekeeper knew she worked on July 17, but stated she was testifying about her cleaning habits rather than from specific recollection of that particular room or that particular day.

## II.

In South Carolina it is illegal for a person to "knowingly or intentionally" possess marijuana or cocaine. S.C. Code Ann. § 44-53-370(c) (1976). The State must show that the defendant both: (1) had possession of marijuana; and (2) intended or knew that he had marijuana in his possession. The Appellants contend the State failed to present sufficient evidence of their possession of the drugs. We disagree.

Possession requires more than mere presence, *State v. Lee*, 298 S.C. 362, 380 S.E. (2d) 834 (1989), and may be actual or constructive. *State v. Ellis*, 263 S.C. 12, 207 S.E. (2d) 408 (1974). Actual possession occurs when the drugs are found to be in the actual physical custody of the person. Constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found. *Ellis*, 263 S.C. at 22, 207 S.E. (2d) at 413. Possession may be proved by circumstantial evidence. *State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981).

The knowledge element may be proved circumstantially by evidence of acts, declarations, or conduct of the accused from which an inference may be drawn that the accused knew of the existence of the prohibited substance. *State v. Attardo*, 263 S.C. 546, 211 S.E. (2d) 868 (1975). Possession gives rise to an inference of the possessor's knowledge of the character of the substance. *Id.* A defendant's knowledge may be equated with or substituted for the intent element. *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987); *State v. Lane*, 271 S.C. 68, 245 S.E. (2d) 114 (1978).

Here, Appellants argue the State failed to present substantial evidence of a constructive possession or actual knowledge

of the presence of the contraband. Appellants contend there was no substantial evidence that they had dominion or control over the drugs or the room. In support of this position they argue that neither stayed in the room the day prior to the 17th; the housekeeper's testimony concerning the cleaning was suspect, particularly in view of the motel owner's presence in the courtroom; and the drugs were found only after an extensive search by seven policemen.[2] Appellants also contend that the State produced no evidence of intent to possess or actual knowledge of the possession.

In reviewing a denial of a motion for a directed verdict, this Court must view the evidence in the light most favorable to the State. If there is any direct or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find that the issues were properly submitted to the jury. *State v. Childs*, 299 S.C. 471, 385 S.E. (2d) 839 (1989). Applying this standard of review, we find the trial court properly denied Appellants' directed verdict motions.

A jury reasonably could find that Appellants had constructive possession of the drugs by considering that room 22 was registered under Smith's name; the room was observed from 8:00 until 11:20; Appellants stayed in the motel on several prior occasions, under either of their names; the motel owner stated that the two arrived in the same car; and during the period that the warrant was issued, no one came in or out of the room.

There is also evidence in the record from which the jury could find that Appellants had the knowledge of or intent to possess the drugs: false addresses were consistently given to the motel and to the police upon arrest; a housekeeper testified that she did clean the room and around the television area on July 17th and saw no drugs; $360.00 cash was found in the room; a .38 caliber pistol was found in the trunk of Smith's car; and Appellants exercised dominion and control over room 22. Accordingly, the trial court properly denied the motions for directed verdicts.

---

[2] Mollison also contends that she did not have dominion and control over the premises where the drugs were found, given that the room was registered under Smith's name, not hers.

### III.

The Appellants also argue the drugs should have been suppressed because the search warrant was not executed in accordance with S.C. Code Ann. § 17-13-140 (1985).

Section 17-13-140 requires that search warrants must be executed and return made within ten days after the date of the warrant. An inventory of the items seized pursuant to the warrant must be given to the judicial officer to whom the return is made. *Id.* Here, no return of the search warrant was made. The State offered no explanation for the failure to return the warrant. Appellants contend that the State's failure to comply strictly with the statute requires exclusion of the evidence seized pursuant to the warrant. We disagree.

Some deficiencies in search warrants are so substantial that they require exclusion of the evidence. *See State v. McKnight*, 291 S.C. 110, 352 S.E. (2d) 471 (1987) (warrant issued on strength of officer's oath rather than sworn affidavit was defective and required suppression of the evidence seized). However, failure to comply with inconsequential ministerial requirements of the statute does not require suppression in the absence of prejudice to the defendant. *State v. Wise*, 272 S.C. 384, 252 S.E. (2d) 294 (1979); *State v. Corns*, 310 S.C. 546, 426 S.E. (2d) 324 (Ct. App. 1992). Failure to list all of the items seized on the return, or the failure to make a return in 10 days is a ministerial error, and does not require suppression unless the defendant was prejudiced by the error. *Wise; Corns.* Appellants do not argue they were prejudiced in any way by the defect in the warrant, nor can we discern any prejudice from our review of the record. We therefore find that the failure to return the warrant within ten days does not require suppression of the evidence seized.[3]

### IV.

Finally, Appellants challenge an instruction given in response to a question asked by the jury, and the trial court's

---

[3] However, we are concerned with the State's failure to comply with the simple and straightforward commands of the statute. The primary beneficiary of the search warrant statute is the person to be arrested or searched. *State v. McKnight*, 291 S.C. 110, 352 S.E. (2d) 471 (1987). Accordingly, this Court looks very closely at violations of the statute, and will not hesitate to exclude the seized evidence when the circumstances so require.

refusal to give a curative instruction or grant a mistrial. During deliberations, the jury returned to the courtroom to review certain testimony. After hearing the testimony, the jury asked the trial court the following question:

> One question, your Honor, we had was with regard to the reason that the officers came with the warrant—the search warrant. Why they were there to begin with, and we would ask why they wanted to get the search warrant to go into room 22 that night.

The court instructed the jury "[t]hat did not transpire during the course of the trial. We can only refer to that which was transpired by way of testimony and presentation of evidence. You have to use your own judgment." The defense moved for a curative instruction and mistrial as to the court's statement to "use your own judgment." the trial court denied the motions.

On appeal, Appellants maintain that the "use your own judgment" statement allowed the jury to speculate on evidence not in the record. Appellants contend the instruction encouraged the jury to speculate on the criminal propensities of the Appellants and to determine guilt on an improper basis. The State, however, argues the comment was an accurate statement of the law directing the jury to consider only the evidence in the record and to use its judgment and common sense in determining the facts.

No instruction should be given which tenders an issue which is not presented or supported by the evidence. *State v. Weaver*, 265 S.C. 130, 217 S.E. (2d) 31 (1975). Moreover, "even a slight remark, apparently innocent in its language, may, when uttered by the court, have a decided weight in shaping the opinion of the jury." *State v. Pruitt*, 187 S.C. 58, 61, 196 S.E. 371, 372 (1938). We agree with Appellants that the trial court's response to the jury's question allowed the jury to speculate about the basis for the search warrant, and thus to consider facts not in evidence when reaching its verdict.[4] Instead, the court should have explicitly instructed the jury that because the underlying reason for the search

---

[4] This view of the instruction is supported by the trial court's own explanation of the charge. When denying the request for a curative instruction or mistrial, the court stated:

warrant was not presented at trial, the jury should not consider it in its deliberations. To the extent the trial court simply misspoke when responding to the question, the problem easily could have been corrected by a curative instruction. Given the circumstantial nature of the State's case, allowing the jury to speculate about the basis for the search warrant and the criminal propensities of the Appellants clearly was prejudicial. We therefore find the trial court erred in denying Appellants' request for a curative instruction, and we reverse and remand for a new trial.

Affirmed in part, reversed in part, and remanded.

HOWELL, C.J. and CONNOR, J. concur. CURETON, J. concurs in result.

---

The jury posed the question and I instructed the jury it was not in evidence and because of that fact they would have to use their own judgment as to why—he wanted to know why the search warrant was served. I told him they would have to *use their own judgment as to why* because it was not in the evidence. (Emphasis added.)

Thus, the trial court's explanation of the charge indicates the charge allowed the jury to speculate about the reason for the search warrant, instead of advising the jury to consider only the facts established at trial.