**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daniel Martinez Herrera, Appellant.

Appellate Case No. 2014-001299

———————

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-424
Submitted September 1, 2016 – Filed October 12, 2016

———————

**AFFIRMED**

———————

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————

**PER CURIAM:** Daniel Martinez Herrera appeals his conviction for trafficking marijuana and his sentence of five years' imprisonment with credit for time served. On appeal, Herrera argues the trial court erred by (1) refusing to grant a directed

verdict when the State failed to present any evidence that the weight of the marijuana at issue was ten pounds or more and (2) allowing expert testimony regarding the weight of six vacuum-sealed bags of marijuana when the State failed to establish that the methodology used to weigh the marijuana was scientifically reliable.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *State v. Hewins*, 409 S.C. 93, 102, 760 S.E.2d 814, 819 (2014) ("In criminal cases, the appellate court sits to review errors of law only." (quoting *State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001))); *State v. Gracely*, 399 S.C. 363, 371-72, 731 S.E.2d 880, 884 (2012) ("When reviewing the denial of a motion for a directed verdict, [appellate courts] employ[] the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the non-moving party."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("Accordingly, in ruling on a directed verdict motion where the State relies on circumstantial evidence, the [trial court] must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt."); S.C. Code Ann. § 44-53-370(e)(1)(a) (Supp. 2015) ("Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this [s]tate, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, cultivate, deliver, purchase, or bring into this [s]tate, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of . . . ten pounds or more of marijuana is guilty of a felony which is known as 'trafficking in marijuana' and, upon conviction, must be punished as follows if the quantity involved is . . . ten pounds or more, but less than one hundred pounds . . . for a first offense, a term of imprisonment of not less than one year nor more than ten years, no part of which may be suspended nor probation granted, and a fine of ten thousand dollars . . . ."); *State v. Mollison*, 319 S.C. 41, 45, 459 S.E.2d 88, 91 (Ct. App. 1995) ("The knowledge element may be proved circumstantially by evidence of acts, declarations, or conduct of the accused from which an inference may be drawn that the accused knew of the existence of the prohibited substance."); S.C. Code Ann. § 44-53-110(27)(a)-(b) (Supp. 2015) (defining "Marijuana" as "all species or variety of the marijuana plant and all parts thereof whether growing or not" and "the seeds

of the marijuana plant," but excluding "the mature stalks of the marijuana plant or fibers produced from these stalks . . . [and] the sterilized seed of the marijuana plant which is incapable of germination"); S.C. Code Ann. § 44-53-392 (2002) ("Notwithstanding any other provision of this article, the weight of any controlled substance referenced in this article is the weight of that substance in pure form or any compound or mixture thereof.").

As to Issue 2: *State v. Cope*, 405 S.C. 317, 334-35, 748 S.E.2d 194, 203 (2013) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] decision should not be disturbed absent prejudicial abuse of discretion." (quoting *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009))); *State v. White*, 382 S.C. 265, 270, 676 S.E.2d 684, 686 (2009) ("All expert testimony must satisfy the Rule 702 criteria, and that includes the trial court's gatekeeping function in ensuring the proposed expert testimony meets a reliability threshold for the jury's ultimate consideration."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Martin*, 391 S.C. 508, 513, 706 S.E.2d 40, 42 (Ct. App. 2011) ("Before a witness is qualified as an expert, the trial court must find (1) the expert's testimony will assist the trier of fact, (2) the expert possesses the requisite knowledge, skill, experience, training, or education, and (3) . . . the expert's testimony is reliable."); *White*, 382 S.C. at 274, 676 S.E.2d at 688 ("The foundational reliability requirement for expert testimony does not lend itself to a one-size-fits-all approach, for the *Council*[1] factors for scientific evidence serve no useful analytical purpose when evaluating nonscientific expert testimony.").

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.