**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joseph Todd Rowland, Appellant.

Appellate Case No. 2014-001051

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-225
Submitted April 1, 2017 – Filed May 24, 2017

**AFFIRMED**

Mark Andrew Peper, Sr., of The Peper Law Firm, PA, of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been

raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Smith*, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) ("The [c]ourt's review is limited to considering the existence or nonexistence of evidence, not its weight."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Mollison*, 319 S.C. 41, 45, 459 S.E.2d 88, 91 (Ct. App. 1995) ("Constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found.").

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.