**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Robert Keith Moss, Appellant.

Appellate Case No. 2017-000277

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2018-UP-271
Submitted May 1, 2018 – Filed June 27, 2018

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with

the existence or nonexistence of evidence, not its weight."); *State v. Stanley*, 365 S.C. 24, 41, 615 S.E.2d 455, 464 (Ct. App. 2005) ("On appeal from the denial of a directed verdict in a criminal case, an appellate court must view the evidence in the light most favorable to the State."); *State v. Mollison*, 319 S.C. 41, 46, 459 S.E.2d 88, 91 (Ct. App. 1995) ("If there is any direct or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find that the issues were properly submitted to the jury."); S.C. Code Ann. § 16-13-10(A)(2) (2015) ("It is unlawful for a person to . . . utter or publish as true any false, forged, or counterfeited writing or instrument of writing."); *State v. Brandt*, 393 S.C. 526, 540, 713 S.E.2d 591, 598 (2011) ("In interpreting this code section, our appellate courts have found that '[t]he three important factors requisite to constitute forgery by uttering or publishing a forged instrument are: (1) it must be uttered or published as true or genuine, (2) it must be known by the party uttering or publishing it that it is false, forged, or counterfeited, and (3) there must be intent to prejudice, damage, or defraud another person.'" (alteration by court) (quoting *State v. Wescott*, 316 S.C. 473, 477, 450 S.E.2d 598, 601 (Ct. App. 1994))); *State v. Lee-Grigg*, 374 S.C. 388, 403, 649 S.E.2d 41, 49 (Ct. App. 2007) ("Intent is a question of fact and is ordinarily for jury determination."), *aff'd*, 387 S.C. 310, 692 S.E.2d 895 (2010).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.