**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Phillip Franklin Derrick, Appellant.

Appellate Case No. 2022-001156

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-300
Heard February 4, 2026 – Filed June 17, 2026

———————

**AFFIRMED**

———————

William G. Yarborough, III and Lauren C. Hobbis, both
of William G. Yarborough III, Attorney at Law, LLC, of
Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, all for Respondent.

———————

**PER CURIAM:** Phillip Franklin Derrick appeals his conviction for trafficking
methamphetamine of more than twenty-eight grams.  He contends the trial court

erred in denying his motion to suppress evidence obtained during a search by law enforcement. He argues the search warrant was defective for failing to sufficiently describe the location that law enforcement searched that produced the evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Frasier*, 437 S.C. 625, 633, 879 S.E.2d 762, 766 (2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis."); *id.* at 633-34, 879 S.E.2d at 766 ("This dual inquiry means we review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review."); *State v. Crummey*, 443 S.C. 94, 107, 902 S.E.2d 391, 398 (Ct. App. 2024) ("A search or seizure is reasonable under the Fourth Amendment when it is authorized by a warrant that is supported by probable cause." (quoting *State v. Dill*, 423 S.C. 534, 542, 816 S.E.2d 557, 562 (2018))); *State v. Thompson*, 363 S.C. 192, 199, 609 S.E.2d 556, 560 (Ct. App. 2005) ("[S]earch warrants may not be issued except 'upon probable cause, supported by Oath or affirmation,' and particularly describing the place to be searched and the persons or things to be seized." (quoting U.S. Const. amend. IV; S.C. Const. art. I, §10)); *id.* at 200, 609 S.E.2d at 560 ("The magistrate issuing the search warrant must 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" (omission in original) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983))); *id.* ("The specific requirement that a search warrant particularly describe the person, place, or thing to be searched 'is aimed at preventing general warrants—those authorizing a general, exploratory rummaging in a person[']s belongings.'" (quoting *State v. Williams*, 297 S.C. 404, 407, 377 S.E.2d 308, 310 (1989))); *id.* at 200, 609 S.E.2d at 560-61 ("By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." (quoting *Williams*, 297 S.C. at 407, 377 S.E.2d at 310)); *Williams*, 297 S.C. at 406-07, 377 S.E.2d at 309-10 (determining a description of the property subject to seizure as "any illegal drugs" stated with sufficient particularity the property to be seized thus meeting the requirements of section 17-13-140 of the South Carolina Code (2014) and the federal and state constitutions); *United States v. Owens*, 848 F.2d 462, 463 (4th Cir. 1988) ("The particularity requirement prohibits general, exploratory searches. A warrant meets the particularity requirement 'if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended.'" (citation omitted) (quoting *Steele v. United States*, 267 U.S. 498, 503 (1925))); *State v. Ellis*, 263 S.C. 12, 19, 207 S.E.2d 408, 411 (1974) ("Search warrants directed against multioccupancy structures have been

held valid despite the fact that no particular sub-unit was specified, where it appeared that the entire premises rather than a particular sub-unit was under suspicion of illegal activity."), *abrogated on other grounds by State v. Adams*, 291 S.C. 132, 352 S.E.2d 483 (1987), *overruled in part by State v. Stewart*, 433 S.C. 382, 858 S.E.2d 808 (2021); *id.* at 18, 207 S.E.2d at 411 (determining "[t]he description in the caption of the warrant taken in connection with the affidavit was enough to sustain the warrant as against the attack that it was constitutionally deficient for not particularly describing the place to be searched"); *Williams*, 297 S.C. at 406, 377 S.E.2d at 309 ("[A] warrant may be read in connection with the supporting affidavit to satisfy constitutional and statutory requirements of particularity in the description of the place to be searched."); *State v. Cheeks*, 400 S.C. 329, 339, 733 S.E.2d 611, 616 (Ct. App. 2012) ("[A] search warrant will be considered sufficient if it either incorporates a supporting document by reference which provides the requisite particularity, or if such supporting document is attached to the warrant itself."), *aff'd as modified on other grounds*, 408 S.C. 198, 758 S.E.2d 715 (2014) (per curiam); *State v. Robinson*, 410 S.C. 519, 527-28, 765 S.E.2d 564, 568-69 (2014) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a *third person's premises or property* has not had any of his Fourth Amendment rights infringed." (emphasis added) (quoting *Rakas v. Illinois*, 439 U.S. 128, 134 (1978))).

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**