20632

The STATE, Respondent, v. Dennis M. LANE, Appellant.
(245 S. E. (2d) 114)

*Gary D. Brown,* Ridgeland and *James B. Richardson, Jr.,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. Ran-*

*dolph Murdaugh, II,* and *Asst. Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

March 8, 1978.

RHODES, Justice:

This is an appeal from convictions on two counts of possession of marijuana. The appellant asserts that a package of marijuana was improperly allowed into evidence contending that it was the product of an illegal search. In addition, he claims the evidence does not show such possession as is necessary for conviction of possession of marijuana. We affirm.

On the morning of June 9, 1976, the Beaufort area deliveryman for United Parcel Service (UPS) noticed an odor coming from two packages aboard his delivery van. The packages were addressed to the Shop of Paraphernalia, a retail business in the City of Beaufort.

The Beaufort County Sheriff's Department was contacted and Deputy R. L. Houston, along with two other officers, met the UPS deliveryman at approximately 11:30 that morning. Believing the odor coming from the two packages to be that of marijuana, Deputy Houston directed one of his fellow officers to open the smaller of the two packages. Houston's suspicions were confirmed; the package contained marijuana. The opened package was resealed and, along with the larger package, was left on the van for delivery scheduled that afternoon.

After leaving the UPS deliveryman, Deputy Houston obtained a warrant to search the Shop of Paraphernalia for marijuana.

In accord with previous arrangements, officers, at approximately 4:00 that afternoon, met and followed the UPS deliveryman to the Shop of Paraphernalia. After the deliveryman had delivered the two packages and driven away, officers entered the shop and executed the warrant. The only employee present was directed to open the two packages that

had been delivered and it was discovered that the large package (package number two), like the smaller one inspected earlier (package number one), contained marijuana. Both packages were seized.

The owner of the shop, who is the appellant herein, was notified of the seizure and voluntarily submitted himself to arrest. He was subsequently brought to trial on charges of simple possession of marijuana and possession with intent to distribute.

At trial, the judge ruled the package opened on the van inadmissible in evidence as the product of a warrantless search executed in the absence of exigent circumstances. The other package was admitted over objection. The State presented evidence that the appellant had made statements to police to the effect that he could get more marijuana where the seized marijuana came from and that he could set up a "buy" for the police from this same source.

The appellant's first exception relates to the admissibility of package number two into evidence. The trial judge held this package was admissible since it was seized pursuant to warrant.[1] The appellant contends, however, that this second package was a fruit of the warrantless and illegal search of the first package on the delivery van and is, thus, inadmissible under the exclusionary rule, e. g. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319 (1920) and its progeny.

For the search and seizure of package number two to be a fruit of the illegal search of package number one, the search warrant, upon which the search and seizure of package number two was predicated, would have had to have been a product of the prior illegal search of package number one. We find that it was not. In making this determination we must ask whether "the warrant is independently supported by probable cause" without relying

---

[1] The warrant itself has not been challenged on appeal.

on the knowledge obtained from the search of package number one. *State v. Sachs,* 264 S. C. 541, 557, 216 S. E. (2d) 501, 509 (1975). From the record it is evident that the odor emanating from the packages alone was a sufficient basis to establish probable cause as to their contents when it is considered that an officer of the law, familiar with the odor of marijuana, believed the odor being emitted was that of marijuana. While the knowledge of the contents of the first package increased the probability that marijuana was in the second package, the fact remains that prior probable cause existed independently of the knowledge subsequently gained from an opening of the first package. Probable cause having existed prior to the opening of the first package, the warrant cannot be deemed a product of the illegal search of package number one nor can the search and seizure of package number two pursuant to the warrant be deemed a product of the illegal search of package one.

■ There being an independent basis for the search and seizure of the second package, it was properly admitted into evidence. *Silverthorne Lumber Co. v. United States, supra.*

Under his second exception, the appellant contends that at no time was he in possession of the marijuana seized from his shop. He argues that, even if it is assumed he knew the shipment was in transit and he expected to receive it at some point in the future, there is no evidence that he had knowledge of the presence of the marijuana at his shop prior to its seizure. Without knowledge of the delivery, he argues, there can be no possession.

In support of his argument, the appellant relies on the following statement from *State v. Brown,* 267 S. C. 311, 227 S. E. (2d) 674 (1976) : "Conviction of possession of marijuana requires proof of possession—either actual or constructive, coupled with knowledge of its presence." 267 S. C. at 315, 227 S. E. (2d) at 676. The appellant, however, misinterprets *Brown.*

The elements necessary for conviction of possession of marijuana are set out in the case of *State v. Ellis,* 263 S. C. 12, 207 S. E. (2d) 408 (1974), which states that the accused has such possession as is necessary for conviction "when he has both the power [actual or constructive control] and intent to control its disposition or use," 263 S. C. at 22, 207 S. E. (2d) at 413. As we read the *Brown* case, all that was intended by the term "knowledge" in the quotation upon which the appellant relies is that the accused must have an "intent to control its [the drug's] disposition or use." It is true that actual knowledge of presence is such strong evidence of intent to control disposition or use that "knowledge" can often be equated with and substituted for the intent element. However, actual knowledge of physical presence is not the only circumstance from which the intent to control the disposition or use of an illegal substance can be inferred. That this is true is evident from the facts of this case.

After the marijuana had been seized from the appellant's place of business he, of his own volition, informed police he could obtain more marijuana from the same source and further, offered to set up a "buy" to aid police in the apprehension of the distributor. From the appellant's acknowledgment of the marijuana, it is inferable that he had ordered or, at the very least, expected the shipment and did, indeed, intend to control its use or disposition.

It being inferable that the appellant had the requisite intent to sustain conviction, we must next ask whether the evidence was sufficient to show actual or constructive control of the illegal substance. That the evidence was sufficient is clear. Constructive possession, or control, occurs when the accused has "dominion and control over either the drugs or the premises upon which the drugs were found," *State v. Ellis, supra,* 263 S. C. at 23, 207 S. E. (2d) at 413. Or, as stated in *Brown, supra,* it is enough that the accused has "the right to exercise dominion and control" over the drugs. 267 S. C. at 315, 227 S. E. (2d) at 676.

The appellant's control over the premises from which the marijuana was seized being inferable from his ownership of the business conducted on those premises, the evidence was sufficient to present a jury question on the issue of appellant's dominion and control over the substance.

Affirmed.

Lewis, C. J., Littlejohn and Ness, JJ., and Joseph R. Moss, Acting Associate Justice, concur.