THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Courtney Deon
 Lyles, Appellant.
 
 
 

Appeal From Spartanburg County
 Brooks P. Goldsmith, Circuit Court Judge
Unpublished Opinion No. 2008-UP-693
Submitted December 1, 2008  Filed
 December 15, 2008    
AFFIRMED

 
 
 
 Appellate Defender Eleanor D. Cleary, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,  Assistant
 Attorney General Michelle J. Parsons, all of Columbia; Solicitor Harold W.
 Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: 
 In this criminal appeal, Courtney Deon Lyles argues the trial court erred in admitting certain statements and
 drugs into evidence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  State v.
 Williams, 351 S.C. 591, 598, 571 S.E.2d 703, 707 (Ct. App. 2002) (stating when
 probable cause exists to believe a traffic violation has occurred, the decision
 to stop the automobile is reasonable per se); State v. Pichardo, 367
 S.C. 84, 97-98, 623 S.E.2d 840, 847 (Ct. App. 2005) (holding the police may
 stop and briefly detain a vehicle if they have a reasonable suspicion the
 occupants are involved in criminal activity); State v. Weaver, 374 S.C.
 313, 320, 649 S.E.2d 479, 482 (2007) (Pursuant to the automobile exception, if
 there is probable cause to search a vehicle, a warrant is not necessary so long
 as the search is based on facts that would justify the issuance of a warrant,
 even though a warrant has not been actually obtained.); State v. Lane,
 271 S.C. 68, 72, 245 S.E.2d 114, 116 (1978) (holding an odor emanating from the
 packages alone was sufficient basis to establish probable cause as to their
 contents when it is considered that an officer of the law, familiar with the
 odor of marijuana, believed the odor being emitted was that of marijuana); U.S.
 v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002) (holding the smell of
 marijuana alone can satisfy the probable cause required to search automobiles).
AFFIRMED.
WILLIAMS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.