**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Orlando Parker, Appellant.

Appellate Case No. 2011-194990

———

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———

Unpublished Opinion No. 2013-UP-180
Heard April 9, 2013 – Filed May 8, 2013

———

**AFFIRMED**

———

J. Falkner Wilkes, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

———

**PER CURIAM:** Orlando Parker appeals his conviction for trafficking in cocaine. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Berkemer v. McCarty*, 468 U.S. 420, 439-40 (1984) (noting "the usual traffic stop

is more analogous to a so-called 'Terry[1] stop' . . . than to a formal arrest" and stating "the similarly noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not 'in custody' for the purposes of Miranda"[2]), *quoted in State v. Corley*, 383 S.C. 232, 243-44, 679 S.E.2d 187, 193 (Ct. App. 2009); *United States v. Ross*, 456 U.S. 798, 825 (1982) ("If probable cause justifies the [warrantless] search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."), *quoted in State v. Morris*, 395 S.C. 600, 610, 720 S.E.2d 468, 472-73 (Ct. App. 2011); *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) ("'Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.'") (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)); *State v. Lane*, 271 S.C. 68, 71-72, 245 S.E.2d 114, 116 (1978) (finding the odor emanating from a package was a sufficient basis to establish probable cause for its search and seizure and further explaining that "an officer of the law, familiar with the odor of marijuana, believed the odor being emitted was that of marijuana"); *State v. Morris*, 395 S.C. 600, 608, 720 S.E.2d 468, 471-72 (Ct. App. 2011) (affirming the trial court's determination that reasonable suspicion existed to extend the duration and scope of a traffic stop for "a reasonable investigation of drug activity" based on testimony by a police officer that he smelled marijuana as he approached the rental car the defendant was driving and learned the defendant was not an authorized driver when he requested the defendant's license and registration); *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal."). Our decision to affirm Parker's conviction obviates a decision on the State's argument that if we were to find any of the issues Parker has raised on appeal have merit, the matter should be remanded to the trial court for a determination of whether an inventory search would have resulted in the inevitable discovery of the contraband that Parker sought to exclude at trial. *See State v. Rivera*, Op. No. 27220 (S.C. Sup. Ct. filed Feb. 13, 2013) (Shearouse Adv. Sh. No. 7 at 43, 65) (declining to reach certain issues because the resolution of a prior issue on appeal was dispositive of the appeal).

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**