LEE, A.J.
**433 In this appeal arising from a premises liability lawsuit, Avtex Commercial Properties, Inc. (Avtex) argues the trial court erred in denying its motion to disclose settlement and motion for setoff. We reverse and remand.
**434 FACTS
William Huck slipped and fell while walking into Wild Wing Café in Mount Pleasant. Huck and his wife, Dianne Huck, filed a complaint against Wild Wing Café and Avtex, as the building's owner, among other parties. Huck alleged he suffered bodily injury, causing him to have surgery and incur medical costs. Huck asserted causes of action for negligence and loss of consortium. Dianne also asserted a cause of action for loss of consortium. Prior to trial, a settlement was entered into with defendants Civil Site Environmental, Inc. and Chandler Construction Services, Inc. The terms of the settlement, *290 including the amounts, were not disclosed to the trial court. At the close of the Hucks' case, the court granted the remaining defendants' motions for directed verdict on Dianne's loss of consortium claim.
The jury returned a verdict in favor of Huck against Avtex only in the amount of $97,640, but the jury found Huck was fifty percent negligent in bringing about his own injuries. Accordingly, the court reduced the verdict by fifty percent to $48,820 and entered judgment against Avtex in that amount. Avtex filed a motion for judgment notwithstanding the verdict pursuant to Rule 50(b), SCRCP. It also filed a motion for disclosure of settlement and setoff, or in the alternative, to determine if the settlement was made in good faith. The trial court denied both motions. Avtex made a motion to alter or amend judgment pursuant to Rule 59(e), SCRCP, which the trial court denied. This appeal followed.
STANDARD OF REVIEW
"In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law." Townes Assocs., Ltd. v. City of Greenville , 266 S.C. 81, 85, 221 S.E.2d 773, 775 (1976). "[A] factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings." Id.
LAW/ANALYSIS
I. Motion to Disclose Settlement
Avtex argues the trial court erred in denying its motion to disclose settlement. We agree.
**435 "In interpreting the language of a court rule, we apply the same rules of construction used in interpreting statutes." Green ex rel. Green v. Lewis Truck Lines, Inc. , 314 S.C. 303, 304, 443 S.E.2d 906, 907 (1994). "In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation." City of Camden v. Brassell , 326 S.C. 556, 561, 486 S.E.2d 492, 495 (Ct. App. 1997). "When the language of a court rule is clear and unambiguous, the court is obligated to follow its plain and ordinary meaning." Stark Truss Co. v. Superior Constr. Corp. , 360 S.C. 503, 508, 602 S.E.2d 99, 102 (Ct. App. 2004).
Rule 8 of the South Carolina Alternative Dispute Resolution Rules provides:
Communications during a mediation settlement conference shall be confidential. Additionally, the parties, their attorneys and any other person present must execute an Agreement to Mediate that protects the confidentiality of the process. To that end, the parties and any other person present shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding, any oral or written communications having occurred in a mediation proceeding ....
Rule 8(a), SCADR (emphases added).
This court must give the words of Rule 8 their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule. See Green , 314 S.C. at 304, 443 S.E.2d at 907 ; Stark Truss Co. , 360 S.C. at 508, 602 S.E.2d at 102.
Avtex argues the trial court erred in concluding the South Carolina rules governing alternative dispute resolution prevented it from compelling disclosure of the terms of the settlements between the Hucks and Civil Site Environmental, Inc. and Chandler Construction Services, Inc. The Hucks argue the settlement agreement is protected because it was a part of the mediation process.[1]
**436 We find the trial court erred in denying Avtex's motion to disclose settlement. The *291 documents referred to in Rule 8 are designed to protect any documents prepared for use by the mediator and the parties to the mediation itself. Once the parties reach a settlement, documents prepared in conjunction with the settlement and release are not for the purpose of, or in the course of, mediation. Rather, they are documents prepared in connection with the litigation and to bring the litigation to a close. Rule 8 is designed to protect the communications made during the mediation itself and to protect the process. The parties' mediation agreement reinforces the rule and simply incorporates the same language. The request for production of the settlement documents does not disclose confidential information from the mediation (i.e., it does not disclose or discuss information the parties utilized to reach the settlement). Further, any confidential matters the parties do not want disclosed can be protected through court proceedings including confidentiality provisions. Accordingly, we reverse the trial court on this issue.
II. Motion for Setoff
Avtex argues the trial court erred in denying its motion for setoff. We agree.
"A nonsettling defendant is entitled to credit for the amount paid by another defendant who settles." Welch v. Epstein , 342 S.C. 279, 312, 536 S.E.2d 408, 425 (Ct. App. 2000) (citing Powers v. Temple , 250 S.C. 149, 155, 156 S.E.2d 759, 761 (1967) ("[T]he rule is almost universally followed that one [tortfeasor] is entitled to credit for the amount paid by another [tortfeasor] for a covenant not to sue.") ). "The reason for allowing such a credit is to prevent an injured person from obtaining a second recovery of that part of the amount of damages sustained which has already been paid to him."
**437 Truesdale v. S.C. Highway Dep't , 264 S.C. 221, 235, 213 S.E.2d 740, 746 (1975), overruled on other grounds by McCall ex rel. Andrews , 285 S.C. 243, 329 S.E.2d 741 (1985), superseded by statute . "In other words, there can be only one satisfaction for an injury or wrong." Welch , 342 S.C. at 312, 536 S.E.2d at 425. "However, the reduction in the judgment must be from a settlement for the same cause of action." Id.
Section 15-38-50 of the South Carolina Code (2005) provides:
When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
(2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
" Section 15-38-50 grants the court no discretion in determining the equities involved in applying a [setoff] once a release has been executed in good faith between a plaintiff and one of several joint tortfeasors." Vortex Sports & Entm't, Inc. v. Ware , 378 S.C. 197, 210, 662 S.E.2d 444, 451 (Ct. App. 2008) (quoting Ellis v. Oliver , 335 S.C. 106, 113, 515 S.E.2d 268, 272 (Ct. App. 1999) ). When the settlement is for the same injury as a matter of law, "the right to setoff arises as an operation of law, and the circuit court must award a setoff." Smith v. Widener , 397 S.C. 468, 474, 724 S.E.2d 188, 191 (Ct. App. 2012).
Avtex argues it is entitled to a setoff to account for the amounts Civil Site Environmental, Inc. and Chandler Construction Services, Inc. each paid the Hucks to settle the claims against them. Avtex asserts the Hucks allocated a substantial percentage of the settlement with Civil Site Environmental, Inc. and Chandler Construction Services, Inc. to Dianne's loss of consortium claim in an effort to deprive Avtex of a setoff. Therefore, Avtex argues the trial court erred in finding it "has no jurisdiction to evaluate the 'fairness' or **438 'reasonableness' of such settlement agreements or to reallocate the settlements, assuming there is anything to reallocate," and "[n]othing in the law or at equity permits this court to conduct such an inquiry." The Hucks argue the trial court did not *292 have any authority to reapportion the settlement proceeds.
Pursuant to section 15-38-50, we agree Avtex is entitled to a setoff. There is no right to setoff until there is a verdict against a defendant. Once there is a verdict against a defendant, it becomes the trial court's function to determine whether the defendant is entitled to a setoff and the amount of the setoff, if any. See Smith , 397 S.C. at 471-72, 724 S.E.2d at 190 ("[B]efore entering judgment on a jury verdict, the court must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, so long as the settlement funds were paid to compensate the same plaintiff on a claim for the same injury."); id. at 472, 724 S.E.2d at 190 ("When the settlement is for the same injury, the nonsettling defendant's right to a setoff arises by operation of law."); id. ("Under this circumstance, '[s]ection 15-38-50 grants the court no discretion ... in applying a set-off.' " (quoting Ellis v. Oliver , 335 S.C. 106, 113, 515 S.E.2d 268, 272 ) ); id. at 474, 724 S.E.2d at 191 ("[T]he right to setoff arises as an operation of law, and the circuit court must award a setoff."). To determine if the nonsettling tortfeasor is entitled to a setoff as a preliminary matter, the documents must be reviewed to determine if their terms shield the settling tortfeasor from the requirements of section 15-38-50(2). Therefore, the court must review the documents to determine the amount of the settlement and its terms. Under section 15-38-50, the court also must determine if the release or covenant was "given in good faith." Because the trial court did not conduct such a review, we remand the case for the trial court to look at the settlement agreement and determine if Avtex is entitled to a setoff.
CONCLUSION
Accordingly, the trial court's order is
REVERSED AND REMANDED.
WILLIAMS and KONDUROS, JJ., concur.

The Hucks argue Avtex failed to properly raise this issue to the trial court. They assert the SCRCP provides an adequate mechanism for discovering the terms of the settlement agreement-a Rule 34(a), SCRCP, request for production, and they claim this was the proper motion to make instead of waiting until after the verdict and making a motion to disclose settlement. However, Avtex had no reason to request the settlement agreement prior to the verdict against it. Once the verdict was rendered, setoff became an issue and disclosure of the settlement agreement was relevant.