**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Demorris Octswavious Andrews, Appellant.

Appellate Case No. 2018-001395

———————

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-030
Submitted January 1, 2021 – Filed February 3, 2021

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Demorris Octswavious Andrews appeals his convictions and concurrent sentences of thirty-five years for murder and thirty years for armed robbery and a consecutive sentence of five years for possession of a weapon during the commission of a violent crime. On appeal, he argues the trial court erred by refusing to instruct the jury, "The testimony of an informer who provides evidence

in exchange for pay or for immunity from punishment or for personal advantage or vindication must be examined and weighed by the jury with greater care than the testimony of an ordinary witness."  We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

The trial court did not abuse its discretion in refusing to give the requested instruction because the instructions as given correctly and adequately covered the law.  *See Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Mattison*, 388 S.C. 469, 478, 697 S.E2d 578, 583 (2010) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 464 (Ct. App. 2003))).  While charging the jury, the trial court correctly reminded the jury of its duty to discern witness credibility and instructed the jury to consider any potential interest, prejudice, bias, or motive in evaluating a witness's credibility.  *See* S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."); *State v. Battle*, 408 S.C. 109, 119, 757 S.E.2d 737, 742 (2014) ("The task of determining the weight of the evidence lies within the exclusive province of the jury."); *Pantovich v. State*, 427 S.C. 555, 562, 832 S.E.2d 596, 600 (2019), *reh'g denied* (Sept. 27, 2019) ("The modern trend . . . has cast doubt upon the validity of charges instructing juries on how to interpret and use evidence."); *State v. Collins*, 266 S.C. 566, 573, 225 S.E.2d 189, 193 (1976) (holding the trial court properly refused to instruct the jury that the testimony of a codefendant should be carefully scrutinized because the requested instruction would "invade[] the province of the jury to draw interferences from the evidence").  Although Andrews cites to *United States v. Luck*,[1] this case is distinguishable because the informant in this case was not paid, he and another witness testified he did not receive anything for his testimony, and aspects of his testimony were corroborated by other witnesses.

---

[1] 611 F.3d 183 (2010) (holding defense counsel was deficient for failing to request an "informant jury instruction" when (1) the witnesses were "classic" paid informants who sought out authorities and offered to gather evidence in exchange for financial compensation and a reduction in sentencing and (2) the other evidence offered little to no corroboration of the informants' testimony).

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.