# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Terrance Edward Stewart, Petitioner.

Appellate Case No. 2019-001584

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Laurens County
Frank R. Addy Jr., Circuit Court Judge

---

Opinion No. 28029
Heard November 18, 2020 – Filed May 19, 2021

---

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Clarence Rauch Wise, of Greenwood, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch Jr., both of Columbia; Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**JUSTICE FEW:**  A jury convicted Terrance Edward Stewart of distribution of heroin and two crimes based on his knowing possession of illegal drugs: trafficking in heroin and what we commonly refer to as "simple possession" of oxycodone.  We

issued a writ of certiorari to review two aspects of the jury instructions: (1) the trial court's definition of constructive possession, and (2) the trial court's explanation of an inference of "knowledge and possession" that the court told the jury it may draw when illegal drugs are found on the defendant's property. We find the trial court erred by instructing the jury on the inference of knowledge and possession. We reverse the trafficking and simple possession convictions and remand those charges for a new trial. However, because the erroneous jury instruction did not prejudice Stewart on the distribution charge, we affirm the distribution conviction.

## I.      Facts and Procedural History

A confidential informant with the Laurens County Sheriff's Office purchased five small bags of heroin from Stewart with five marked $20 bills. The following day, the Sheriff's Office obtained a search warrant for Stewart's home, where he lived with his girlfriend and where the heroin sale occurred. The officers who searched the home found 23.83 grams of heroin in a large bag in a plastic basket on top of the refrigerator, fifty-six oxycodone tablets in a tinfoil wrapper in the same plastic basket, a digital scale with a powdery residue on it, and $2,730 in cash. Stewart was asleep on the couch when the officers entered. When he awoke, he asked for permission to put on his pants. An officer picked up Stewart's pants and found an additional $1,173—including the five marked $20 bills—in one of the pockets.

During trial, the trial court provided the parties a copy of its proposed jury instructions. Stewart objected to the trial court's definition of constructive possession and to the trial court's explanation of the inference of knowledge and possession. The trial court overruled the objections and gave the instructions as proposed. The jury convicted Stewart of trafficking in heroin, distribution of heroin, and simple possession of oxycodone. The trial court sentenced Stewart to concurrent prison terms of twenty-five years for trafficking, ten years for distribution, and five years for possession. The court of appeals affirmed in an unpublished opinion. *State v. Stewart*, Op. No. 2019-UP-209 (S.C. Ct. App. filed June 5, 2019). We granted Stewart's petition for a writ of certiorari.

## II.     The Possession Crimes

Trafficking and simple possession are statutory crimes. Simple possession was defined in the original Controlled Substances Act of 1971. Act No. 445, 1971 S.C. Acts 800, 822. The definition is now found in subsection 44-53-370(c) of the South Carolina Code (2018), which provides, "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . ." Trafficking was

added to the Act in 1981. Act No. 33, 1981 S.C. Acts 42, 44-46. It is defined in subsection 44-53-370(e) of the South Carolina Code (2018), which provides in part,[1] "Any person . . . who is knowingly in actual or constructive possession . . . of . . . (3) four grams or more of . . . heroin . . . is guilty of . . . trafficking . . . ."

Beginning in 1974, this Court decided a series of four cases—*Ellis*, *Brown*, *Lane*, and *Hudson*—in which we discussed what facts the State must prove to establish a violation of the simple possession statute and related crimes based on possession. *See State v. Ellis*, 263 S.C. 12, 22, 207 S.E.2d 408, 413 (1974) ("An accused[] . . . has possession of . . . contraband . . . within the meaning of the law when he has both the power and intent to control its disposition or use."). These opinions became the foundation for our law defining constructive possession in drug cases. They later became applicable to trafficking when the charge is based on possession. *See State v. Bultron*, 318 S.C. 323, 330 n.3, 333-34, 457 S.E.2d 616, 620 n.3, 622 (Ct. App. 1995) (discussing what the State must prove on a trafficking charge based on possession, citing *Ellis*).

From those four decisions, it is now clear that to prove trafficking (when based on possession) or simple possession, the State must prove two elements. First—as we originally stated—the State must prove the defendant had either actual physical custody of the drugs, or the right or power to exercise control over the drugs. *See State v. Hudson*, 277 S.C. 200, 202, 284 S.E.2d 773, 774-75 (1981) ("Actual possession" requires "actual physical custody" of the drugs and "constructive possession" requires "the right to exercise dominion and control" of the drugs); *Ellis*, 263 S.C. at 22, 207 S.E.2d at 413 (similar, but stating the first element as "the power . . . to control its disposition or use"). Second—as we originally stated—the State must prove the defendant had "knowledge of [the] presence" of the drugs. *State v. Brown*, 267 S.C. 311, 315, 227 S.E.2d 674, 676 (1976); *see also Hudson*, 277 S.C. at 202, 284 S.E.2d at 774 (requiring proof of knowledge). In *State v. Lane*, 271 S.C. 68, 245 S.E.2d 114 (1978), discussing *Ellis* and *Brown*, we explained "knowledge" means "the accused must have an 'intent to control [the] disposition or use'" of the drugs. 271 S.C. at 73, 245 S.E.2d at 116. Under *Lane*, the second element is now stated as the defendant must have knowledge of the drugs and the intent to control their disposition or use.

---

[1] Subsection 44-53-370(e) provides other ways the State may prove trafficking— inapplicable here—that do not require the State to prove knowing possession. In all trafficking cases, the State must prove the requisite quantity of the drugs. *Id.*

### III. Constructive Possession Jury Charge

In these four decisions—*Ellis*, *Brown*, *Lane*, and *Hudson*—the Court addressed only the sufficiency of the evidence necessary for the State to prove a violation of subsection 44-53-370(c)[2] and to survive a motion for directed verdict.[3] While these decisions accurately defined constructive possession in the context of the sufficiency of the evidence presented in those cases, none of them dealt directly with fashioning a jury instruction defining a violation of the statute. Understandably, however, trial courts and commentators began drafting jury instructions under the guidance of these cases.[4] Later, as we will discuss in Section IV, this Court relied on these cases to direct circuit judges on how to fashion jury instructions regarding simple possession and related crimes based on possession. *State v. Adams*, 291 S.C. 132, 135, 352 S.E.2d 483, 486 (1987).

In this case, the trial court began its jury instruction correctly, informing the jury the State must prove both required elements to convict Stewart of trafficking or simple possession. The trial court stated, "To prove possession, . . . the State must prove

---

[2] In *Ellis* and *Brown*, we addressed the same provision but from the previous Code, subsection 32-1510.49(c) of the 1962 South Carolina Code (Supp. 1975). *Brown*, 267 S.C. at 314, 227 S.E.2d at 676; *Ellis*, 263 S.C. at 15, 207 S.E.2d at 409-10.

[3] *See Hudson*, 277 S.C. at 201, 284 S.E.2d at 774 ("Appellant . . . asserts the trial judge erred in failing to direct a verdict of acquittal because the evidence was insufficient to sustain his conviction for possession . . . ."); *Lane*, 271 S.C. at 72, 245 S.E.2d at 116 (appellant "argues . . . there is no evidence that he had knowledge of the presence of the marijuana at his shop"); *Brown*, 267 S.C. at 315, 227 S.E.2d at 676 ("Brown contends . . . the State failed to introduce evidence from which a jury could reasonably infer that he had possession of the marijuana"); *Ellis*, 263 S.C. at 19, 207 S.E.2d at 412 (stating the "question presented for decision is whether the trial judge erred in refusing to grant the motion of the appellants for a directed verdict on the ground that the evidence was insufficient to sustain a verdict of guilty of possession of heroin").

[4] *See, e.g.*, Tom J. Ervin, ERVIN'S SOUTH CAROLINA REQUESTS TO CHARGE – CRIMINAL 161-63 (1st ed. 1994) (defining possession in reliance on *Hudson*, *Brown*, and others); F. Patrick Hubbard, JURY INSTRUCTIONS FOR CRIMINAL CASES IN SOUTH CAROLINA: DEFENDANTS' REQUESTED INSTRUCTIONS 194-97 (1st ed. 1994) (defining possession in reliance on *Hudson*, *Ellis*, and others).

beyond a reasonable doubt the defendant had knowledge of, power over, and the intent to control the disposition or use of the drugs involved."  As the court continued, however, it informed the jury, "Constructive possession means that the defendant had dominion and control or the right to exercise dominion and control over either the drugs itself or the property upon which the drugs were found."

This is the statement to which Stewart objected.  If we considered the statement only in isolation as a complete definition of constructive possession, the statement would be problematic.  The primary problem would be that the statement ignores the second element we described above.  We are particularly concerned with the language "the property upon which the drugs were found."  Under the four cases, if the State presents evidence the defendant had control over the property on which the drugs were located, then the trial court should deny a directed verdict motion.  But, the mere existence of evidence the defendant had control over the property does not equate to a finding of constructive possession.  It remains the burden of the State to convince the jury the defendant had the requisite knowledge and intent.

The legal principle of possession requires trial courts to instruct juries on both elements from *Ellis*, *Brown*, *Lane*, and *Hudson* when defining possession in cases in which the State is required to prove a violation of the statutes on trafficking (when based on possession), simple possession, and related crimes based on possession. First, the State must prove the defendant had the right and power to control the disposition or use of the drugs.  For actual possession cases, the State may meet this burden by proving the defendant had actual physical custody of the drugs.  For constructive possession cases, the State must prove by other evidence the defendant had the right and power to exercise control over the drugs.  Second, the State must prove the defendant had knowledge of the drugs and the intent to control the disposition or use of the drugs.  In slightly different terms, these are the same two elements we set forth in *Ellis*,[5] *Brown*, *Lane*, and *Hudson*.  *See Lane*, 271 S.C. at 73, 245 S.E.2d at 116 (holding "the accused has such possession as is necessary for

---

[5] In *Adams*, we stated "language found in *State v. Ellis* . . . is no longer valid."  291 S.C. at 135, 352 S.E.2d at 486.  We were not referring to the *Ellis* definition of possession, but to this statement, "Ordinarily, when articles are in a dwelling house they must be deemed to be in the constructive possession of the person controlling the house in the absence of evidence to the contrary."  *Ellis*, 263 S.C. at 22, 207 S.E.2d at 413.  This statement is incorrect because it suggests the defendant bears the burden of proof.  Otherwise, *Ellis* contains a correct explanation of the law of possession.

conviction 'when he has both the power (actual or constructive control) and intent to control its disposition or use'" (quoting *Ellis*, 263 S.C. at 22, 207 S.E.2d at 413)). In this case, the trial court instructed the jury on both elements. In addition, immediately after the potentially problematic statement, the trial court instructed the jury "mere presence at the scene where the drugs were found is not enough to prove possession." This likely had the effect of focusing the jury's attention on the second element.

If we consider the statement to which Stewart now objects only in isolation, it failed to convey both elements to the jury. However, we do not consider jury instructions in isolation, but as a whole. *State v. Herndon*, 430 S.C. 367, 371, 845 S.E.2d 499, 502 (2020). When considered as a whole, the trial court's definition of constructive possession adequately conveyed both elements to the jury. Therefore, we find no error in the trial court's definition of constructive possession.

### IV.    The Inference of Knowledge and Possession

Stewart also contends the trial court erred when it instructed the jury, "The defendant's knowledge and possession may be inferred when a substance is found on the property under the defendant's control." We agree.

In *Ellis*, the Court held the State presented evidence to support an inference of knowledge and possession sufficient to survive a directed verdict motion. 263 S.C. at 21-22, 207 S.E.2d at 413. Heroin belonging to the defendant's foster son was found in a guest bedroom in her home, the guest room was adjacent to her own bedroom, and she entered the guest room at least twice a week. 263 S.C. at 22, 207 S.E.2d at 413. In support of our holding, we stated "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." 263 S.C. at 22, 207 S.E.2d at 413 (citing *State v. Harvey*, 187 S.E.2d 706, 714 (N.C. 1972)). In *Lane*, we found it "inferable that the appellant had the requisite intent," and thus, we affirmed the submission of the case to the jury. 271 S.C. at 73, 245 S.E.2d at 117. Similarly, in *Hudson* and *Brown*, we considered only the sufficiency of the State's evidence to survive a directed verdict motion. *Hudson*, 277 S.C. at 203, 284 S.E.2d at 775 (holding there was sufficient evidence of the defendant's knowledge and possession of the heroin to take the case to the jury); *Brown*, 267 S.C. at 316, 227 S.E.2d at 677 (holding there was not sufficient evidence of the defendant's dominion and control over the marijuana). We discussed in each case the inference of knowledge and

possession,[6] but we did not suggest in any of the cases the trial court should explain the inference to the jury.

In *Adams*, this Court misinterpreted these decisions and directed trial courts to explain the inference of knowledge and possession to a jury. 291 S.C. at 135, 352 S.E.2d at 486. The challenged charge in this case was taken almost verbatim from *Adams*, in which we stated, "The proper charge on constructive possession is to instruct the jury that the defendant's knowledge and possession may be inferred if the substance was found on premises under his control." *Id.* (citing *Hudson*, 277 S.C. 200, 284 S.E.2d 773; *Brown*, 267 S.C. 311, 227 S.E.2d 674). Our reliance on *Hudson* and *Brown* was misplaced because neither case approves of the *trial court* explaining the inference of knowledge and possession to the jury. The inference is a valid one for the jury to draw, and the trial attorneys may argue to the jury whether the inference should be drawn. *State v. Burdette*, 427 S.C. 490, 503, 832 S.E.2d 575, 582 (2019).[7] The *jury instruction* explaining the inference, however, is improper. We overrule *Adams* on that point. The jury charge instructing a jury it may infer knowledge or possession when a substance is found on property under the defendant's control should no longer be given.

## V. Prejudice

We decided several cases recently addressing other jury charges "instructing juries on how to interpret and use evidence." *See Pantovich v. State*, 427 S.C. 555, 562, 832 S.E.2d 596, 600 (2019) (holding "the 'good character alone' charge . . . is improper" and listing cases). In one of those cases, *Burdette*, the trial court informed the jury it may infer the existence of malice from the defendant's use of a deadly weapon. 427 S.C. at 494, 832 S.E.2d at 577. We held the charge is never proper, in part because "the trial court has directly commented upon facts in evidence, elevated those facts, and emphasized them to the jury." 427 S.C. at 502-03, 832 S.E.2d at 582. In another case, *Cheeks*, we considered a "strong evidence" inference charge

---

[6] In *Brown*, we relied on the absence of the inference of knowledge and possession, finding "the State failed to introduce evidence from which a jury could reasonably infer that he had possession of the marijuana." 267 S.C. at 315, 227 S.E.2d at 676.

[7] In *Burdette*, we stated "some matters appropriate for jury argument are not proper for charging. 'Do jurors need the court's permission to infer something? The answer is, of course not.'" 427 S.C. at 503, 832 S.E.2d at 583 (quoting *State v. Belcher*, 385 S.C. 597, 612 n.9, 685 S.E.2d 802, 810 n.9 (2009)).

and stated it "unduly emphasizes that evidence, and deprives the jury of its prerogative both to draw inferences and to weigh evidence." 401 S.C. at 328-29, 737 S.E.2d at 484. The inference charge in this case had the same prejudicial effects we described in *Burdette* and *Cheeks*.[8]

The trial court's definition of constructive possession—including the requirement the State prove knowledge and intent—was followed almost immediately with the opposite statement, permitting the jury to infer the defendant's knowledge from the simple fact the drugs were on his property. To the extent the trial court earlier explained the knowledge and intent requirement, the inference of knowledge instruction negated that explanation. The improper explanation of the inference of knowledge and possession permitted the jury to find Stewart guilty of simple possession and trafficking without the State proving knowledge and intent, a scenario not permitted under the legal principle of possession as we explained it in *Ellis*, *Brown*, *Lane*, and *Hudson*.

We cannot say the error did not prejudice Stewart as to the trafficking and simple possession charges. *See Burdette*, 427 S.C. at 496, 832 S.E.2d at 578 ("[O]ur inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered." (quoting *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014))). As to the distribution of heroin charge, however, we find the erroneous jury instructions could not have contributed to the verdict. Proof of distribution does not require separate proof of possession. *See* S.C. Code Ann. § 44-53-370(a) (2018) (providing "it shall be unlawful for any person: . . . (1) to . . . distribute . . . a controlled substance").

## VI. Conclusion

We reverse Stewart's convictions for trafficking and simple possession of heroin, and remand those charges to the court of general sessions for a new trial. We affirm Stewart's conviction for distribution of heroin.

---

[8] In *Cheeks*, despite finding error, we did not reverse because "the evidence was that [the defendant] was actively cooking crack cocaine when the warrant was served, and that he possessed the 650 grams of crack found on the kitchen counter." 401 S.C. at 329, 737 S.E.2d at 484. As quoted in the text of this opinion, however, the *Cheeks* Court explained the tendency of the erroneous inference charge to prejudice the defendant.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**